PORTO RICO FERTILIZER Co., demandante y apelada, *v.* JOSÉ AGUSTÍN DÍAZ, demandado y apelante.

Nos. 5503 y 5504.—*Sometidos:* Febrero 11, 1932. *Resueltos:* Febrero 26, 1932.

*A. Lastra,* abogado del apelante; *Molina, Dubón & Ochoteco,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En el segundo de estos recursos se alegó en la demanda

que el demandado tomó a crédito a la demandante abono químico para caña y por tal concepto suscribió y entregó a dicha demandante nueve pagarés que se especifican, vencederos uno en 1925 y los ocho restantes en 1926, montando todos a $11,783.37, y en el primero se alegó también que el demandado tomó a crédito a la demandante abono químico para caña y por tal concepto suscribió dos pagarés que se especifican, montantes a $2,169.79 y vencederos en 1926.

Ambas demandas se presentaron en 1929 y en ambas se continúa alegando que el demandado desde la suscripción y entrega de los pagarés ha venido reconociendo expresamente a la demandante la deuda, habiendo tenido lugar el último reconocimiento en diciembre de 1928, y que no obstante los requerimientos hechos por la demandante al demandado, éste no ha satisfecho en todo ni en parte las referidas obligaciones.

El demandado excepcionó las demandas alegando que no aducían hechos suficientes para determinar una causa de acción y que en todo caso las acciones estaban prescritas de acuerdo con lo dispuesto en los artículos 950 del Código de Comercio y 1868, No. 4, del Código Civil. Las excepciones fueron declaradas sin lugar.

Contestó entonces el demandado negando general y específicamente todos los hechos de la demanda y alegando de nuevo, como defensa especial, la prescripción. Fueron los pleitos a juicio y la corte con vista del resultado de la prueba dictó sentencias favorables a la demandante que el demandado apeló para ante este tribunal.

No hay duda alguna con respecto al origen y existencia de los pagarés. La prueba fué clara y terminante sobre el particular. Sobre el extremo de la interrupción de la prescripción la evidencia resultó contradictoria y la corte consignó en su opinión que resolvía el conflicto a favor de la demandante.

Hemos estudiado cuidadosamente los errores que la parte apelante señala en su alegato. No existen. Nos limitare-

mos a discutir los relativos a la prescripción y a su interrupción.

Invoca el apelante los artículos 950 del Código de Comercio y 1868, No. 4º, del Código Civil, que dicen:

"Art. 950. Las acciones procedentes de letras de cambio se extinguirán a los tres años de su vencimiento, háyanse o no protestado.

"Igual regla se aplicará a las libranzas y pagarés de comercio, cheques, talones y demás documentos de giro o cambio, y a los dividendos, cupones e importe de amortización de obligaciones emitidas conforme a este Código."

"Artículo 1868. Por el transcurso de tres años prescriben las acciones para el cumplimiento de las obligaciones siguientes:

"1. *    *    *    *    *    *    *

"2. *    *    *    *    *    *    *

"3. *    *    *    *    *    *    *

"4. La de abonar a los posaderos la comida y habitación, y a los mercaderes el precio de los géneros vendidos a otros que no lo sean, o que siéndolos se dediquen a distinto tráfico.

"El tiempo para la prescripción de las acciones a que se refieren los tres párrafos anteriores se contará desde que dejaron de prestarse los respectivos servicios."

Y basándose en ellos sostiene que habiendo transcurrido más de tres años desde el vencimiento de la deuda hasta la reclamación judicial, la acción había prescrito cuando fué ejercitada.

Ello sería así si no se hubiera alegado y probado la interrución de la prescripción.

Yendo a este campo invoca el apelante el artículo 944 del Código de Comercio que dice:

"Art. 944. La prescripción se interrumpirá por la demanda u otro cualquier género de interpelación judicial hecha al deudor; por el reconocimiento de las obligaciones, o por la renovación del documento en que se funde el derecho del acreedor.

"Se considerará la prescripción como no interrumpida por la interpelación judicial, si el actor desistiese de ella, o caducara la instancia, o fuese desestimada su demanda.

"Empezará a contarse nuevamente el término de la prescripción en caso de reconocimiento de las obligaciones, desde el día en que

se haga; en el de su renovación, desde la fecha del nuevo título; y si en él se hubiere prorrogado el plazo del cumplimiento de la obligación, desde que éste hubiere vencido.''

Y basándose en él sostiene que aquí no se probó la interrupción en la forma exigida por la ley.

Estamos conformes en que no se demostró interpelación judicial hecha al deudor, ni que se hubieran renovado los documentos, pero no podemos estarlo en que no hubo prueba del reconocimiento de las obligaciones. Expresamente dijo la corte sentenciadora en su opinión ''que la prescripción de las acciones ejercitadas ha sido interrumpida por el reconocimiento de las obligaciones hecho por el deudor cada vez que la demandante le cobraba el importe de lo adeudado.''

El artículo 944 del Código de Comercio no exige que el reconocimiento sea por escrito. Puede evidenciarse por cualquier prueba que merezca entero crédito a la corte.

La prueba aportada aquí no consistió sólo en cartas enviadas por la demandante al demandado. Declararon los testigos M. C. Reed, Presidente de la Corporación demandante, Isidoro Colón, Jefe de Ventas y Químico de la misma, y Manuel Aguayo, que el demandado, cuando se le requería de pago, jamás negó su deuda, haciendo promesas por el contrario de pagarla tan pronto como mejoraran sus condiciones económicas, y sus declaraciones fueron creídas por el juez sentenciador. Las hemos leído y nos parecen convincentes.

*Deben confirmarse las sentencias apeladas.*